DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.                                              ) | Criminal No. 2021-0008 |
| ) | |
| JONNY CADENA OSORIO,           ) | |
| ) | |
| **Defendant.**                              ) | |
| _____) | |

**Attorneys:**
**Evan Rikhye, Esq.**
St. Croix, U.S.V.I.
   *For the United States*

**Gabriel J. Villegas, Esq.**
St. Croix, U.S.V.I.
   *For Defendant*

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon consideration of the amendments to the Federal Sentencing Guidelines that went into effect on November 1, 2023. The Sentencing Commission has authorized retroactive application of Part A and Part B, Subpart 1 of Amendment 821 to begin on February 1, 2024. U.S.S.G. §§ 1B1.10(d) & 1B1.10(e)(2).

"In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of [a retroactive amendment], the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2)." *Id.* § 1B1.10(a)(1). "[P]roceedings under 18 U.S.C. § 3582(c)(2) . . . do not constitute a full resentencing of the defendant." *Id.* § 1B1.10(a)(3).

The procedure for a re-sentencing pursuant to 18 U.S.C. § 3582(c)(2) is as follows. The court must first "determine the amended guideline range that would have been applicable to the defendant if the [retroactive amendment] had been in effect at the time the defendant was

sentenced."[1] *Id.* § 1B1.10(b)(1). Next, the court must determine "(I) whether a reduction in the defendant's term of imprisonment is warranted; and (II) the extent of such reduction . . . ." *Id.* § 1B1.10 App. n.1(B)(i). In making its determination, the court must consider both the factors set forth in 18 U.S.C. § 3553(a) and the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment. *Id.* § 1B1.10 App. n.1(B)(i-ii). The court may also consider any "post-sentencing conduct of the defendant that occurred after imposition of the term of imprisonment." *Id.* § 1B1.10 App. n.1(B)(iii).

If the court determines a reduction is warranted, such reduction may not result in "a term that is less than the minimum of the amended guideline range."[2] *Id.* § 1B1.10(b)(2)(A). Further, "[i]n no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served." *Id.* § 1B1.10(b)(2)(C).

Section 3582(c)(2) expressly authorizes courts to apply retroactive guideline amendments *sua sponte*. 18 U.S.C. 3582(c)(2) ("[U]pon motion of the defendant or the Director of the Bureau of Prisons, *or on its own motion*, the court may reduce the term of imprisonment . . . .") (emphasis added); *see also United States v. Isaacs*, 301 F. App'x 183, 187 (3d Cir. 2008) ("Isaacs is free to file a motion under § 3582(c)(2). However, this additional step can be avoided if the District Court raises the motion *sua sponte*, something it is expressly authorized to do under § 3582(c)(2). We encourage the Court to consider this simplified approach . . . ."). Further, "[b]ecause a § 3582(c)(2)

---

[1] In making this determination, the Court may only consider the effect of the retroactive amendments and "shall leave all other guideline application decisions unaffected." *Id.* § 1B1.10(b)(1).

[2] An exception to this limitation applies if the defendant's term of imprisonment was already less than the term of the imprisonment provided by the original guideline range pursuant to a government motion to reflect the defendant's substantial assistance to authorities. *Id.* § 1B1.10(b)(2)(B).

proceeding is not a *de novo* re-sentencing, courts need not permit re-litigation of any information available at the original sentencing" and the court need not hold a hearing. *United States v. Jules*, 595 F.3d 1239, 1245 (11th Cir. 2010).

At his February 18, 2022 sentencing hearing, the Court determined that Defendant Osorio had an offense level of 23 and a criminal history category of I. As such, the Court found that his sentencing guideline range was 46 to 57 months. The Court sentenced Defendant to 46 months, at the lowest end of his guideline range.

Upon review of the information available at his original sentencing in this matter, the Court has determined that Defendant Osorio appears eligible for a sentencing reduction pursuant to Section 3582(c)(2) and Part B Subpart 1 of Amendment 821. Specifically, Defendant Osorio appears to be eligible for a two-point reduction to his offense level under the new Adjustment for Certain Zero-Point Offenders.[3] *See* U.S.S.G. § 4C1.1. Such a reduction would result in an adjusted

---

[3] Defendant appears to satisfy all ten criteria necessary for the application of the adjustment. The criteria under U.S.S.G. § 4C1.1(a) are:

> (1) the defendant did not receive any criminal history points from Chapter Four, Part A;
> (2) the defendant did not receive an adjustment under §3A1.4 (Terrorism);
> (3) the defendant did not use violence or credible threats of violence in connection with the offense;
> (4) the offense did not result in death or serious bodily injury;
> (5) the instant offense of conviction is not a sex offense;
> (6) the defendant did not personally cause substantial financial hardship;
> (7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
> (8) the instant offense of conviction is not covered by §2H1.1 (Offenses Involving Individual Rights);
> (9) the defendant did not receive an adjustment under §3A1.1 (Hate Crime Motivation or Vulnerable Victim) or §3A1.5 (Serious Human Rights Offense); and
> (10) the defendant did not receive an adjustment under §3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848.

offense level of 21, and as a result, an amended guideline range of 37 months to 46 months. Applying the retroactive Adjustment for Certain Zero-Point Offenders and the same 3553(a) considerations underlying the Court's previous sentencing determination—wherein the Court sentenced Defendant Osorio at the lowest end of the guideline range—the Court intends to re-sentence Defendant Osorio to a term of imprisonment of 37 months, at the lowest end of the new guideline range.

Accordingly, the Court plans to enter, *sua sponte*, an amended judgment for Defendant Osorio as calculated above. In accordance with the applicable law, the Court will not permit the parties to re-litigate issues that were previously addressed or information that was available to the parties at the time of Defendant Osorio's original sentencing. With that caveat, together with the other limitations on re-sentencing discussed above, the Court will permit the parties to provide their positions on the Court's intended re-sentencing.

In view of the forgoing, it is hereby

**ORDERED** that the parties shall have up to and including **February 14, 2024** within which to file submissions with the Court indicating their positions on the Court's intended reduction to Defendant Osorio's term of imprisonment pursuant to 18 U.S.C. 3582(c)(2) and Part B Subpart 1 of Amendment 821; and it is further

**ORDERED** that, if the Court does not receive a response from a party, the Court will presume the party has no objection to the Court's intended disposition of this matter.

**SO ORDERED.**

Date: January 31, 2024   _____/s/_____
                          WILMA A. LEWIS
                          District Judge

---

U.S.S.G. § 4C1.1(a).